UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  08 CR 144 |
| | ) | Judge Charles P. Kocoras |
| LUIS PACHECO, and | ) | |
| ANGEL VEGA | ) | |

MOTION FOR DISCLOSURE OF FAVORABLE EVIDENCE

Defendants Luis Pacheco and Angel Vega, through their counsel, Catharine D. O'Daniel and Francis C. Lipuma, respectively, herein move this Honorable Court for entry of an order, pursuant to the Fifth and Sixth Amendments to the United States Constitution, and the principles enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Bagley*, 473 U.S. 667 (1986), to require the government to immediately disclose any evidence or information known to it or in its possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is exculpatory and/or favorable to the defendants and is material to the issues of the defendants' innocence, guilt, or to sentencing matters; or which evidence or information bears upon the credibility of any government witness. While the government has represented that it will disclose any such materials, and while the defendants have no reason to doubt that representation, the defendants are obligated to make a record of their specific requests for such materials. *See Agurs v. United States*, 427 U.S. 97 (1976). The evidence and information requested includes, but is not limited to, the following:

1. Any and all written or recorded statements of any individual, including government agents and experts, persons who may have cooperated with the government, and persons not charged in the

indictment, which statements exculpate the defendants, or reflect favorably on the defendants, or which are consistent with the defendants' innocence.

2. The name, last known address, and written or recorded or oral statement or memorandum of interview of any individual whose testimony would be favorable to the defendants in any way or consistent with their innocence, including, but not limited to, the statements of any layperson, government cooperator, law enforcement official, or expert to the effect that the defendants' conduct was not unlawful.

3. The name, last known address, and written or recorded or oral statement or memorandum of interview of any individual whose testimony would contradict or be inconsistent with the testimony of any witness for the government, regardless of whether the government intends to call such person as a witness, including, but not limited to, the statements of any layperson, government cooperator, law enforcement official, or expert.

4. Any documentary or recorded or physical evidence or information which contradicts or is inconsistent with the testimony of any witness for the government.

5. Any evidence or information which reflects adversely on the credibility of any witness the government used or employed during its investigation or intends to call at trial. This request includes, but is not limited to, evidence or information relating to the commission of crimes, bad acts, or the giving of false or misleading statements of any kind.

6. Any prior statement or testimony of a government witness containing or reflecting any contradiction or inconsistency with the expected trial testimony of the witness or with other statements or testimony given or made by the witness.

7. Any consideration or promise of consideration given to or on behalf of any government witness. "Consideration" means anything of value, whether bargained for or not, that arguably could benefit the witness or persons connected with the witness, including, but not limited to: any plea agreement entered into between the witness and the government or any state or other authority; formal or informal, direct or indirect immunity, leniency, favorable treatment or recommendations; other assistance with respect to pending or potential criminal charges, parole, probation, pardon, clemency, civil disputes, tax liability, administrative proceedings, or any other dispute involving the witness or between the witness and any other person or authority; payments of money, rewards or fees, witness fees, transportation, legal services or other benefits, or subsistence payments of any kind; and any other type of inducement to cooperate or testify that arguably could reveal an interest, motive, or bias of a witness in favor of the government and/or against the defendants.

8. The criminal identification and history sheets of each government witness, records and information revealing felony convictions and misdemeanor convictions involving dishonesty or false statement, including certified copies of conviction.

9. Any criminal charges pending against any government witness that have not been disposed of either by conviction or acquittal.

10. Any criminal activity in which any government witness has engaged that has not resulted in prosecution or conviction.

11. Evidence or information relating to alcoholism, illegal drug use, or mental and physical impairments of each government witness.

12. The name, last known address, and written or recorded oral statement or memorandum or interview of any individual who has been interviewed by the government who had knowledge of

the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the defendants in this activity.

13. Any and all books, papers, CDs, tapes, logs, records or documents which contain evidence favorable to the defendants or are consistent with their innocence.

14. Any illegal, unconstitutional, or unauthorized activity engaged in by any law enforcement officials or persons acting on their behalf in connection with this indictment, the investigation that led to the indictment, or any related investigation.

15. The contents of any files maintained by the Federal Bureau of Investigation or the United States Attorney's Office of each law enforcement agent or officer involved in this investigation, which files may reveal any illegal, unconstitutional, or unauthorized activity.

The defendants respectfully request that the Court's order requiring the government to produce exculpatory and/or favorable evidence to the defendants provide that the government is under a continuing obligation to furnish such evidence as may or should come to its attention through the course of its preparation and trial of this case. *See* Rule 16(c), Fed.R.Crim.P.; *Kyles v. Whitley*, 514 U.S. 419 (1995) (prosecutor's obligation to find favorable evidence).

Wherefore, defendants Luis Pacheco and Angel Vega respectfully request this Honorable Court to enter an order directing the government to disclose forthwith all exculpatory and/or favorable evidence.

        Respectfully submitted,

        /s/ Francis C. Lipuma
        Francis C. Lipuma
        Counsel to Angel Vega

        On Behalf of Counsel to Luis Pacheco
        and with Their Consent

Francis C. Lipuma
33 North Dearborn Street
Suite 600
Chicago, Illinois 60602
(312) 551-9112

CERTIFICATE OF SERVICE

      I, Francis C. Lipuma, an attorney, do hereby certify that I caused a copy of "Motion For Disclosure Of Favorable Evidence" to be served upon:

| | |
|---|---|
| Nancy L. Miller | Catharine D. O'Daniel |
| U.S. Attorney's Office | Law Offices of Catharine D. O'Daniel |
| 219 South Dearborn Street | 833 West Jackson Boulevard, Suite 200 |
| Chicago, IL 60604 | Chicago, IL 60607 |

pursuant to Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing of the United States District Court for the Northern District of Illinois, Eastern Division.

      /s/ Francis C. Lipuma
      Francis C. Lipuma
      33 North Dearborn Street
      Suite 600
      Chicago, IL 60602
      (312) 551-9112