UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | No.  08 CR 144 |
| ) | Judge Charles P. Kocoras |
| LUIS PACHECO, and ) | |
| ANGEL VEGA ) | |

UNOPPOSED MOTION TO EXTEND TIME
TO FILE PRETRIAL MOTIONS RELATING TO TITLE III ISSUES

Defendant Angel Vega, through his counsel, Francis C. Lipuma, herein moves this Honorable Court to allow an extension of time of thirty days, that is, to October 2, 2008, in which to file any pretrial motions relating to Title III issues.[1] In support thereof, Mr. Vega states as follows:

1. There are three principal reasons supporting an extension of time. First, while the government produced a large volume of Title III materials after undersigned counsel filed his appearance in this case, only as of August 18, 2008 has the production of Title III materials been completed. Second, the amount of materials produced is voluminous as the government's investigation involved intercepts on five target telephones, and, quite candidly, counsel has not had sufficient time to study the materials. Third, counsel is in the process of moving the location of his office and that process, unfortunately, involves an interruption of services.

2. According to certain discovery, the government's investigation of Mr. Vega began no later than August of 2005, and a criminal complaint was filed against him in February of 2008. Consequently, the government's investigation lasted some thirty (30) months. On the other side of the v., counsel filed his appearance in this case on June 5, 2008 following the arraignment hearing,

---

[1] Defendant Luis Pacheco, through his counsel, Catharine D. O'Daniel, joins in this motion.

and began to receive various forms of discovery shortly thereafter. Consequently, counsel has only had less than three (3) months to investigate any and all potential issues on behalf of Mr. Vega. Clearly, less than ninety days of defense investigation is insufficient given the vast amount of resources the government utilized during its investigation. For this reason alone, an extension of time is warranted.

      3. Further, shortly after the arraignment hearing on June 5, 2008, the government began tendering certain documentation, including applications, affidavits, orders, ten-day progress reports, CDs containing telephone calls, and call summaries of its electronic surveillance of Mr. Vega (Target Telephone 3), his co-defendant Luis Pacheco (Target Telephone 5), and their purported associates (Target Telephones 1, 2, and 4).[2] In order to conduct a competent investigation, it is required that counsel review the materials submitted by the government to the various judges authorizing the interceptions, including the esteemed judicial officer assigned to this case, of Target Telephones 1 and 2 as they led to the probable cause determination of the interception of Mr. Vega's telephone. However, it was not until August 18, 2008 that counsel received the bulk of the Title III materials relating to Target Telephones 1 and 2.[3] Counsel has yet to even begin reviewing and evaluating these materials. Thus, an extension of time is needed given the short period of time set for the filing of pretrial motions.

---

    [2]Because there is a protective order in place, Mr. Vega is not identifying the names of the other interceptees.

    [3]By no means should this be interpreted as a negative remark towards the Assistant U.S. Attorney assigned to this case, who has been nothing short of extraordinary in providing the various discovery materials to counsel to date. If anything, it goes to show the volume and depth of paperwork which led to the indictment in this case.

4. Moreover, in order to competently represent Mr. Vega, counsel must review and study all of the Title III materials in order to allow counsel and Mr. Vega to make an informed determination as to whether the government complied with all statutory and constitutional safeguards protecting Mr. Vega from unlawful electronic surveillance. Mr. Vega contemplates filing a motion to suppress evidence obtained from the various wiretaps if grounds for such a motion exist. However, a sound determination on the merits of such a motion cannot at this time be made given the large volume of discovery material, much of which has yet to be evaluated in a meaningful way. For instance, the defense investigation may reveal defects in conformity with Title 18, United States Code, Section 2510, *et seq.*, including: (1) a lack of probable cause to support the issuance of the wiretap orders and/or issues relating to the representations made in the affidavits, (2) a failure to follow all authorization procedures, (3) the existence of constitutional issues relating to the propriety of each wiretap, (4) a failure on the part of the government to minimize the intercepts, (5) a failure on the part of the government to shut down the wires upon attainment of the authorized objectives, (6) a failure on the part of the government to establish the requisite necessity of the intrusions, and (7) a failure on the part of the government to properly and timely seal the original recordings.

5. In that regard, it should be noted that, to date, there has been production in excess of 2700 pages of documents, 1751 communications intercepted from Mr. Vega's telephone alone, well in excess of 3500 communications intercepted from all of the target telephones together, in addition to numerous CDs containing, among other things, videos and other audio recordings obtained by the government through the use of confidential informants. Clearly, an extension of time is needed in order to put in the manpower required to review and understand all of the documentation, to listen to at least a sufficiently large sample of the intercepted communications, to perform appropriate

research on any and all potential issues, to provide professional and competent advice to Mr. Vega, and to draft and file any suppression motions for the Court's consideration.

6. Additionally, counsel is in the process of moving the location of his office from 33 North Dearborn to 300 South Wacker. A frustrating few days of time has been expended recently in dealing with various issues relating to the move, including dealing with telephone companies, moving companies, and packing up materials stored over a number of years. The actual move is scheduled to take place on August 25, 2008. Counsel's practice will be interrupted for at least a few days. Counsel is a sole practitioner, and is the only attorney representing Mr. Vega in this case.

7. This motion is not brought for the purpose of delaying the proceedings in this case, but rather is brought in order to competently represent Mr. Vega, to allow Mr. Vega and his counsel to make informed decisions regarding the wiretaps, and to protect and preserve Mr. Vega's statutory and constitutional rights, including his protections under the Fourth, Fifth, and Sixth Amendments to the U.S. Constitution.

8. Counsel has spoken on various occasions with Assistant U.S. Attorney Nancy L. Miller, the government attorney assigned to this case, about this request for an extension of time to file pretrial motions on the Title III related issues. Ms. Miller stated that there was no objection on behalf of the government.

Wherefore, defendant Angel Vega respectfully requests this Honorable Court to allow him to file any Title III suppression motions by October 2, 2008.

                Respectfully submitted,

                s/ Francis C. Lipuma
                Francis C. Lipuma
                Attorney for Angel Vega

Francis C. Lipuma  
33 North Dearborn Street  
Suite 600  
Chicago, Illinois 60602  
(312) 551-9112

CERTIFICATE OF SERVICE

  I, Francis C. Lipuma, an attorney, do hereby certify that I caused a copy of "Unopposed Motion To Extend Time To File Pretrial Motions Relating To Title III Issues" to be served upon:

Nancy L. Miller
U.S. Attorney's Office
219 South Dearborn Street
Chicago, IL 60604

pursuant to Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing of the United States District Court for the Northern District of Illinois, Eastern Division.

              s/ Francis C. Lipuma
              Francis C. Lipuma
              33 North Dearborn Street
              Suite 600
              Chicago, IL 60602
              (312) 551-9112